Law Offices
# LAWRENCE D. GERZOG

Lawrence D. Gerzog
Maria G. Giordano
Anne E. Glatz*
* Also admitted
  in Illinois

251 E. 61ST Street
New York, New York 10021

Telephone (212) 486-3003
Facsimile (212) 486-7701

December 26, 2007

Hon. Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

                Re:    United States v. Derrick Smit,
                       07 CR 990 (VM)

Dear Judge Marrero:

      Please accept this letter as my motion to restore to Derrick Smit to pre-trial release. Mr. Smit was first arrested on a complaint on or about July 25, 2007. He was admitted to pre-trial release on a $100,000 personal recognizance bond co-signed by three financially responsible people on the condition that he enroll in and complete a residential drug treatment program known as Riverside.

      On November 1, 2007, Magistrate Judge Peck ordered Mr. Smit detained on the consent of his prior attorney, Roger Schwarz, Esq., without prejudice to the making of a motion for release in the future.

      On November 20, 2007, I took over the representation of Mr. Smit. I believe the time is right for Mr. Smit to be released once again, so that he may obtain meaningful drug rehabilitation services and health care. As the Court is aware, Mr. Smit has had a drug abuse problem, of one sort or another, from his teenage years. In addition, Mr. Smit has suffered from depression for some time leading to more than one suicide attempt, the most recent just before his incarceration on November 1. Finally, Mr. Smit, who is HIV positive, has developed, based on the medical definition, a case of full blown AIDS, including an active case of Kaposi's sarcoma.

Hon. Victor Marrero
December 26, 2007
Page Two


Mr. Smit's Mental Health

      One of the reasons Mr. Smit was incarcerated was that he made an attempt at suicide. Since being incarcerated, Mr. Smit has been given new medications to combat his depression, which appear to be working well.  While the medications are helping, the MCC does not have the resources to provide Mr. Smit with regular therapy sessions addressed to his depression or his history of drug abuse.  The mental health staff in the MCC has advised Mr. Smit that he would better off in a clinical setting that could provide that care.

      The Riverside program, or another similar program, provides such care.  Mr. Smit believes, and has convinced me, that he is ready to manage his depression with medication and therapy and is no longer suicidal.  If he were admitted to a combined mental health/drug rehabilitation program, that program could monitor his depression and medications in a far more effective environment than the over crowded, resource challenged MCC.

      One of the primary reasons for the failure of the Mr. Smit's stay at Riverside was the presence of the man who had been the supplier of Mr. Smit's methamphetamine and who cooperated with the authorities, causing Mr. Smit's arrest.  If Mr. Smit is placed in a facility that does not also house this individual, his chance of success will increase exponentially.

Mr. Smit's Drug Rehabilitation

      Another reason Mr. Smit was incarcerated was the fact that he tested positive while on release for methamphetamine.  Mr. Smit has had a history of drug abuse on and off since his teenage years.  His mental health problems dovetail with his addictive personality to provide a difficult scenario for successful recovery.  Now that his mental health problems seem in much better control, he feels positive that his attempts at staying sober will be much more successful. While sober, he has held responsible positions as a personal trainer and a manger of the personal training staff at David Barton Gyms, a successful "upscale" gymnasium and training business in New York.  He left that business on good terms, and feels certain that after a successful period of rehabilitation he could return to that company, or to a similar position.  In that regard, he could once again take responsibility for his own welfare, a major step to recovery on both the mental health and drug addiction fronts.

Hon. Victor Marrero
December 26, 2007
Page Three


<u>Mr. Smit's Physical Health</u>

      Perhaps the biggest danger which continued incarceration poses for Mr. Smit is his physical health.  As an HIV patient, close monitoring of his "t-cells" has shown that he has developed full blown AIDS.  This poses two serious problems.  First, in the environment of MCC, where he is closely quartered with hundreds of other men, and is unable for obvious security reasons to control his own movements, the chance for opportunistic infection is increased dramatically.  Recently it has come to my attention that there is an outbreak of staph infection in the MCC, a particular cause of concern. In addition, and again because of the limited resources of the MCC, Mr. Smit does not have access to the state of the art medical attention he was receiving at outside facilities. Before being incarcerated, he tested positive for Kaposi's sarcoma in the leg.  This cancer, for years very infrequently diagnosed, has blossomed since the HIV crisis, and is one of the many scourges of the AIDS population.  Left untreated or poorly treated, it can travel rapidly, and, once metastasized to vital organs such as the lungs, can require chemotherapy and can lead very quickly to death, directly or through further compromise of the auto-immune system.


      Finally, the Court should be aware that Mr. Smit, as soon as I became involved in his case, expressed a desire to me to reach out to the government and begin the process that will hopefully lead to a cooperation agreement.  While we have only had one proffer, and I am aware that the government is no doubt weeks away from making a decision as to whether to allow Mr. Smit to cooperate, I believe that Mr. Smit's decision shows a new maturity of thought and acceptance of the situation he is in with a determination to take responsibility and deal rationally, intelligently and productively.

      I would welcome the opportunity to discuss this matter on the record with the Court at its earliest convenience.


                                      Respectfully submitted,



                                      Lawrence D. Gerzog

cc.:  Marshall Camp, Esq.