

U.S. Department of Justice

Federal Bureau of Prisons

Legal Department

Metropolitan Correctional Center
150 Park Row
New York, New York 10007
(646) 836-6300, (646) 836-7751 (Fax)

December 28, 2007

SENT BY FACSIMILE TO (212) 805-6382
The Honorable Victor Marrero, United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-4-08
```

Re:   **United States v. Derrick Smit**
      07-cr-990

Dear Judge Marrero:

I write in response to the letter from Mr. Smit's attorney, Lawrence Gerzog, which was submitted to Your Honor on December 19, 2007. Mr. Gerzog requests a court order recommending to the Metropolitan Correction Center ("MCC") that Mr. Smit's visitation privileges be reinstated. The MCC respectfully requests that Your Honor not grant such an order. Mr. Smit does not have a liberty interest in the privilege that was taken via the sanction, and even if he did, his due process rights were upheld in the disciplinary process.

On November 15, 2007, while confined at the MCC, Mr. Smit was found to have committed the prohibited act of Being Insolent to Staff Member and Disruptive Conduct, in violation of Bureau of Prisons Codes 312 and 399, respectively. As a result, he was sanctioned to loss of social visits for 90 days. The sanction ends on February 15, 2008. The incident report and supporting memorandum indicates that on November 13, 2007, Mr. Smit was in the Health Services Department. He approached the doctor and demanded to be seen immediately, and he displayed what appeared to be a piece of broken tooth. The doctor explained to Mr. Smit that he was busy with another inmate problem and that he would be seen by the doctor that day. Mr. Smit suddenly began yelling "I will not be dismissed by you," and he fell to the floor. He was witnessed by others to be yelling and refused to get off the floor. He had to be escorted from the medical area by responding correctional officers. At the time of the investigation into the incident, Mr. Smit admitted dropping to the floor and refusing to get up, and he stated that he did it to make a point. He denied yelling, but the Unit Disciplinary Committee found, based on statements of two staff witnesses, that he was also yelling.

Authority for administering the federal prison system was delegated by Congress to the Federal Bureau of Prisons. 18 U.S.C. § 4042; 28 C.F.R. § 500 et seq. Pursuant to this authority, the Bureau has promulgated rules for inmate discipline. See 28 C.F.R. Part 541. According to these rules, when Bureau staff have a reasonable belief that a violation of a Bureau regulations has been

committed by an inmate, staff prepare an incident report. 28 C.F.R. § 541.14(a). Staff provide the inmate with a written copy of the charges against him usually within twenty four hours of the time staff became aware of the inmate's involvement in the incident. 28 C.F.R. §§ 541.14(b)(2), 541.15(a). An investigating officer reads the charges to the inmate and asks for the inmate's statement concerning the incident, advising the inmate of the right to remain silent and informing him that his silence may be used to draw an adverse inference against him, although the inmate's silence alone may not be used to support a finding that the inmate committed a prohibited act. 28 C.F.R. § 541.14(b)(2). The investigator investigates the incident and records all steps and actions taken on the incident report. Id. All relevant materials are then forwarded to the Unit Disciplinary Committee (UDC) for an initial hearing.

The UDC holds the initial hearing, ordinarily within three working days from the time staff became aware of the inmate's involvement in the incident. 28 C.F.R. § 541.15(b). The inmate is entitled to be present at the initial hearing, except during deliberations of the decision makers, or when institutional security would be jeopardized by the inmate's presence. 28 C.F.R. § 541.15(c). The inmate is entitled to make a statement and to present documentary evidence on his own behalf at the initial hearing. 28 C.F.R. § 541.15(d).

After considering all of the evidence presented at the hearing, the UDC makes a decision based on at least some facts, and if there is conflicting evidence, based on the greater weight of the evidence. 28 C.F.R. § 541.15(f). The UDC either finds the inmate committed the prohibited act as charged and/or a similar prohibited act if reflected in the incident report, finds the inmate did not commit the prohibited act charged, or refers the case to the Discipline Hearing Officer for further proceedings. 28 C.F.R. § 541.15(f). Here, the UDC found Mr. Smit committed the prohibited act and sanctioned him accordingly. The sanction was within the guidelines. See 28 C.F.R. § 541.13 Table 3 - Prohibited Acts and Disciplinary Severity Scale.

There is no liberty interest in the limited loss of visitation privileges, therefore the court lacks jurisdiction to grant the requested order. While the Due Process Clause protects against revocation of good conduct time, it does not provide the same level of protection against the imposition of other forms of discipline, including loss of various privileges. Robinson v. Warden, No. 07-2408, 2007 WL 2949132 * 1 (3rd Cir. Apr. Oct 11, 2007) citing Sandin v. Conner, 515 U.S. 472, 486 (1995). The withdrawal of visitation privileges for a limited period of time as a means of effectuating prison discipline is not a dramatic departure from accepted standards of conditions of confinement, therefore Mr. Smit has no cognizable due process claim.

Where the liberty interest at stake is one created by the State, constitutional due process protection is afforded only when deprivation of that interest "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 483. In the present case, the relatively short period of loss of privileges did not impose an atypical and significant hardship on Mr. Smit in relation to the ordinary incidents of prison life. The loss of privileges is a common and necessary sanction for disciplinary infractions. Mr. Smit still has correspondence and phone use available for family communication.

Even assuming that the sanctions imposed did impose an atypical and significant hardship, thereby

2

justifying constitutional due process, the disciplinary hearing complied with the standards established in Wolff v. McDonnell, 418 U.S. 539, 556 (1974). "[P]rison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply." Wolff, 418 U.S. at 556. In Wolff, the Supreme Court set forth the minimum procedural due process requirements for prison disciplinary proceedings. Where a prisoner's recognized liberty interest is at stake, the Due Process Clause affords the following minimal procedural safeguards: (1) advance written notice of the claimed violation, and at least 24 hours to prepare; (2) a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken; and, (3) the right to call witnesses and present documentary evidence when consistent with institutional safety or correctional goals. Id. The Wolff requirements have been codified by the Bureau of Prisons at 28 C.F.R. Section 541 et seq.

Mr. Smit received advanced written notice of the charges on November 13, 2007, the same day as the incident. A hearing was held on November 15, 2007, which was within three days of the incident, and the UDC advised Mr. Smit of their finding and of his right to file an appeal within 20 days. Mr. Smit did not request witnesses. The UDC relied upon the written statement of the reporting staff member as well as statements of other staff who were present during the incident. There was more than "some evidence," as required by Superintendent v. Hill, to support the UDC's finding that Mr. Smit was insolent to staff and participated in disruptive conduct.

Based on the foregoing, MCC respectfully requests Your Honor not grant an order with respect to Bureau of Prisons disciplinary sanctions. Thank you for your consideration in this matter. If you have any further questions or concerns, feel free to contact me at (646)836-6466.

Sincerely,

Elisa Mason
Staff Attorney

cc.   Lawrence D. Gerzog, Esq. (via fax)
      Marshall Camp, AUSA (via email)

> Request DENIED. For substantially the reasons set forth by the Government above, the Court finds insufficient warrant to intervene in the disciplinary action taken by the Metropolitan Correctional Center against defendant Derrick Smit.
>
> SO ORDERED: [signature]
> 1-4-08
> DATE        VICTOR MARRERO, U.S.D.J.